**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

LEJON S. EDWARDS,

        Plaintiff,

v.                                 Case No. 3:25-cv-1272-WWB-PDB

OFFICER RAYSHAWN ROBERTS, et al.,

        Defendants.

_____

**ORDER**

Plaintiff, LeJon S. Edwards, a pretrial detainee, initiated this action by filing a complaint under 42 U.S.C. § 1983 (Doc. 1) in the Northern District of Florida.  Because Plaintiff complains about his arrest by officers with the Jacksonville Sheriff's Office ("**JSO**"), the Northern District transferred the case to the Middle District.  (*See* Doc. 4).  Plaintiff seeks to proceed *in forma pauperis* (Doc. 2).

As Defendants, Plaintiff names two JSO officers and JSO.  (*See* Doc. 1 at 2–3).  He alleges he was falsely arrested on June 24, 2024, without having been read his *Miranda* rights.  (*Id.* at 5).  He also alleges that one officer held an "assault rifle inches from [his] face"; he was denied his personal property; he was "placed in tortious [sic] conditions" when transferred to the North Forida Evaluation Treatment Center ("**NFETC**") after being declared incompetent for trial; he has been maliciously and vindictively prosecuted; and officers "failed to properly investigate the incident," coerced witnesses, and falsified records.  (*Id.* at 5–6).  Finally, Plaintiff contends his 2014 conviction was "unconstitutional."  (*Id.* at 6).  As relief, Plaintiff seeks compensatory damages and to "be complet[e]ly exonerated of [his] present and past record."  (*Id.* at 7).

Under the Prison Litigation Reform Act ("**PLRA**"), a district court must dismiss a complaint or any portion of the complaint if the court determines it is frivolous, malicious, or fails to state a claim on which relief may be granted.  28 U.S.C. §§ 1915(e)(2)(B), 1915A(b)(1).  The PLRA's "failure-to-state-a-claim" language mirrors the language of Rule 12(b)(6) of the Federal Rules of Civil Procedure.  *Mitchell v. Farcass*, 112 F.3d 1483, 1490 (11th Cir. 1997); *see also Alba v. Montford*, 517 F.3d 1249, 1252 (11th Cir. 2008).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  In other words, a complaint must "contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory."  *Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir. Unit A Sept. 8, 1981)).  "Labels and conclusions" or "a formulaic recitation of the elements of a cause of action" that amount to "naked assertions" will not suffice.  *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  In reviewing a complaint, a court must accept the plaintiff's allegations as true, liberally construing those by a plaintiff proceeding *pro se*, but need not accept as true legal conclusions.  *Id.*

Plaintiff's complaint is subject to dismissal because he fails to "state a claim to relief that is plausible on its face."  *See id.*  To state a claim under § 1983, a plaintiff must allege that a person acting under the color of state law deprived him of a right secured under the United States Constitution or federal law.  As an initial matter, to the extent Plaintiff complains that his conditions of confinement at NFETC were unconstitutional

because he was denied food or physically harmed, he has not named as a Defendant an individual responsible for any such violation.  For instance, he does not name as a Defendant a corrections officer at NFETC.  Moreover, any claim about the conditions of Plaintiff's confinement is not properly joined in a complaint about his arrest.  *See* Fed. R. Civ. P. 20(a)(2) (providing that a plaintiff may not join unrelated claims and defendants in one complaint).

Based on Plaintiff's allegations, it appears his primary claims are for false arrest and malicious prosecution against the arresting officers.  (*See* Doc. 1 at 5–6).  He does not specify why he names JSO as a separate Defendant.  Regardless, even if true that individual officers violated Plaintiff's constitutional rights, a sheriff's office or jail facility is not a legal entity subject to suit under § 1983.  *See Faulkner v. Monroe Cnty. Sheriff's Dep't*, 523 F. App'x 696, 701 (11th Cir. 2013) (citing *Dean v. Barber*, 951 F.2d 1210, 1214–15 (11th Cir. 1992)).

"A claim of false arrest or imprisonment under the Fourth Amendment concerns seizures without legal process, such as warrantless arrests."  *Williams v. Aguirre*, 965 F.3d 1147, 1158 (11th Cir. 2020) (citing *Wallace v. Kato*, 549 U.S. 384, 388–89 (2007)).  However, if an officer had probable cause for an arrest, the arrestee may not later sue the officer under a theory of false arrest.  *Brown v. City of Huntsville*, 608 F.3d 724, 734 (11th Cir. 2010) ("[T]he existence of probable cause at the time of arrest is an absolute bar to a subsequent constitutional challenge to the arrest.").  A claim for malicious prosecution, on the other hand, accrues when a seizure happens "pursuant to legal process" but requires a plaintiff to allege officers "instituted or continued a criminal prosecution against him, with malice and without probable cause, that terminated in his

3

favor and caused damage to him." *Williams*, 965 F.3d at 1157 (internal quotation marks omitted).

The Court takes judicial notice of Plaintiff's state criminal docket, which shows that Plaintiff was arrested for armed burglary on June 24, 2024, and the trial court made a finding of probable cause the next day. (*See State v. Edwards*, Case No. 2024-CF-6423 (Fla. 4th Cir. Ct.).[1] Because Plaintiff's arrest was supported by probable cause, he cannot sue the arresting officers under a theory of false arrest. Similarly, he cannot maintain a claim for malicious prosecution because the criminal charges against him remain pending. In other words, the criminal charges have not "terminated in his favor." *See Williams*, 965 F.3d at 1157. To the extent Plaintiff merely seeks this Court's interference in his ongoing state criminal proceedings, the Court will abstain from doing so. *See Younger v. Harris*, 401 U.S. 37, 43 (1971) ("Since the beginning of this country's history Congress has, subject to few exceptions, manifested a desire to permit state courts to try state cases free from interference by federal courts."). If Plaintiff wants to challenge the charges against him, he should do so through a proper motion or argument in the state court.[2] In addition, Plaintiff cannot seek "exoneration" from a criminal conviction through this civil rights action. *See Hutcherson v. Riley*, 468 F.3d 750, 754 (11th Cir. 2006) ("[I]f the relief sought by the inmate would either invalidate his conviction or sentence or

---

[1] A district court may take judicial notice of the contents of a publicly available docket sheet. *See McDowell Bey v. Vega*, 588 F. App'x 923, 926 (11th Cir. 2014) (holding the district court did not err in dismissing a complaint based in part on review of the plaintiff's state criminal docket, which showed officers had probable cause to arrest him).

[2] According to the state docket, Plaintiff is represented by counsel. He had a pretrial hearing on February 19, 2026, and had another set for March 12, 2026. (*See State v. Edwards*, Case No. 2024-CF-6423 (Fla. 4th Cir. Ct.).

change the nature or duration of his sentence, the inmate's claim must be raised in a [28 U.S.C.] § 2254 habeas petition, not a § 1983 civil rights action.").

Aside from challenging his arrest and prosecution, Plaintiff also alleges that one officer used "excessive force" by holding an "assault rifle inches from [his] face," implicating the Fourth Amendment; he was not read his *Miranda* rights, implicating the Fifth Amendment; and he was deprived of his personal property, implicating the Fourteenth Amendment. These allegations, too, fail to state a plausible claim under § 1983. First, an officer's brandishing of a gun to effectuate a lawful arrest of a suspect believed to be armed is not, by itself, unreasonable. *See Graham v. Connor*, 490 U.S. 386, 396 (1989) ("Our Fourth Amendment jurisprudence has long recognized that the right to make an arrest or investigatory stop necessarily carries with it the right to use some degree of physical coercion or threat thereof to effect it."). Second, the Eleventh Circuit has held that "failing to follow *Miranda* procedures . . . does not violate any substantive Fifth Amendment right such that a cause of action for money damages under § 1983 is created." *Jones v. Cannon*, 174 F.3d 1271, 1291 (11th Cir. 1999).

Finally, a negligent or intentional deprivation of personal property does not constitute a Fourteenth Amendment due process violation "if a meaningful postdeprivation remedy for the loss is available." *Hudson v. Palmer*, 468 U.S. 517, 533 (1984). To the extent Plaintiff was deprived of his personal property, he has an adequate postdeprivation remedy available to him under state law. *See* Fla. Stat. § 772.11(1); *see also Case v. Eslinger,* 555 F.3d 1317, 1331 (11th Cir. 2009) (recognizing Florida's civil cause of action for conversion provides an adequate postdeprivation remedy when law enforcement officers seize or retain personal property).

Because Plaintiff fails to state a plausible claim for relief under § 1983, his complaint will be dismissed without prejudice.

Accordingly, it is **ORDERED** and **ADJUDGED** as follows:

1. This case is **DISMISSED without prejudice**.

2. The Clerk shall enter judgment accordingly, terminate any pending motions as moot, and close the case.

**DONE AND ORDERED** in Jacksonville, Florida, on March 19, 2026.

WENDY W. BERGER
UNITED STATES DISTRICT JUDGE

Jax-6
c: LeJon S. Edwards

6